FILED

10/10/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0266

DA 16-0266

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 247

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

KERSTYN JADE OLD BULL,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Twenty-Second Judicial District,
                      In and For the County of Big Horn, Cause No. DC-15-18
                      Honorable Blair Jones, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

           Craig Kevin Shannon, Attorney at Law, Missoula, Montana

      For Appellee:

           Timothy C. Fox, Montana Attorney General, Jonathan M. Kraus, Assistant
           Attorney General, Helena, Montana

           Gerald "Jay" Harris, Big Horn County Attorney, Hardin, Montana

                    Submitted on Briefs:  August 9, 2017

                                Decided:  October 10, 2017

Filed:

                                      Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1    Defendant Kerstyn Jade Old Bull appeals from the sentence and judgment of the Twenty-Second Judicial District Court, Big Horn County.  The District Court sentenced Old Bull to ten years in the Montana Women's Prison (MWP), parole restricted for the entire term, on her conviction for criminal endangerment in violation of § 45-5-207, MCA; and ten years in MWP, parole restricted for seven and one-half years, on her conviction for obstructing justice in violation of § 45-7-303, MCA, to be served consecutively to her criminal endangerment sentence.

¶2    We address the following issues:

*Issue One: Whether the District Court erred by imposing a parole eligibility restriction on Old Bull's sentence for obstructing justice.*

*Issue Two: Whether the District Court erred by requiring Old Bull to register as a violent offender.*

## PROCEDURAL AND FACTUAL BACKGROUND

¶3    On March 2, 2015, Old Bull and her boyfriend Clint Hogan took Hogan's unresponsive six-year-old daughter, K.H., to Hardin Hospital.  K.H. was then transported to Denver Children's Hospital where she died from her injuries.  When interviewed separately, Hogan and Old Bull independently reported that K.H. was in good health when Hogan left to go to the store, that she was unresponsive when Hogan returned, and that she never regained consciousness.  According to the Presentence Investigation Report (PSI) ordered by the District Court, Old Bull and Hogan waited roughly two hours before seeking medical attention for K.H.  During the State's investigation into K.H.'s death, Old Bull told law enforcement that K.H. fell in the shower, which led to her injury.

2

This account conflicted with the treating hospital assessment that K.H.'s injuries resulted from a traumatic forceful blow to the head and blunt force trauma that could not have been caused by an accidental fall. K.H. also "had evidence of both fresh and historical bruising over her entire body, consistent with habitual abuse." Old Bull later admitted that she provided false information to law enforcement regarding Hogan's involvement in the crime because she was scared to stand up to Hogan.

¶4 The State initially charged Old Bull with deliberate homicide of K.H. On November 13, 2015, the State amended these charges, pursuant to a plea agreement, to criminal endangerment and obstructing justice. Old Bull pled guilty to these charges. As part of the plea agreement, Old Bull admitted that she "engaged in conduct that created a substantial risk of death or serious bodily injury to another, specifically [K.H]." She also admitted to providing the police with false information regarding Hogan's role in K.H.'s death. At sentencing, Old Bull never disputed that K.H. died due to blunt force trauma; however, Old Bull did dispute whether she had been the cause of K.H.'s injury.

¶5 Due to what the District Court characterized as Old Bull's "heinous" conduct that resulted in K.H.'s death, the Court restricted Old Bull's parole eligibility for the entire ten-year sentence for criminal endangerment and for seven and one-half years of the consecutive ten-year sentence for obstructing justice. Hogan received a ten-year suspended sentence for obstructing justice during the investigation into K.H.'s death.

¶6 At Old Bull's sentencing, the District Court stated on the record—without distinguishing between the criminal endangerment charge and the obstructing justice charge—its rationale for the parole restrictions. The Court stated: "You have a child

3

who is dead here; [she] has passed away. And there is evidence that this child endured habitual abuse. The Court will not turn a blind eye to that." The Court further stated that it could see no "justification for treating a child the way this child was treated or engaging in conduct that would allow for such treatment" and found it "appropriate . . . [to] impose an equally severe sentence." The Court also emphasized the lasting trauma to the family and community caused by K.H.'s death. Further, the District Court stated that the parole restrictions would ensure that Old Bull have access to programs while in MWP to help address anger and emotional issues and, therefore, have a chance at rehabilitation. The District Court specified that the rationale for imposition of the sentence and judgment were also "the reasons for ineligibility for parole," reemphasizing that the death of K.H., a young child, required a "sufficient level of punishment and accountability."

¶7 Old Bull argued against any parole restriction on the basis that it would limit the Parole Board's exercise of authority and discretion. Old Bull made no other specific objections to the parole restrictions.

¶8 In its written judgment, the District Court enumerated thirty-three recommended terms and conditions for "any period of community based supervision" for the felony obstructing justice conviction, including the requirement that Old Bull register as a violent offender. The Court also restated its reasons for restricting Old Bull's parole; specifically, the "heinous nature" of Old Bull's criminal conduct that "resulted in severe bodily injury to the child victim, [K.H.], from which the child ultimately died," evidence in the PSI indicating habitual abuse of K.H., justice for the horrific circumstances of the

4

crime, and, finally, that sufficient time, in confinement would allow Old Bull to engage in rehabilitative programming. Old Bull appeals the District Court's parole eligibility restriction on her sentence for obstructing justice and the parole condition that she register as a violent offender.

## STANDARDS OF REVIEW

¶9 We review for legality a district court's restrictions on parole eligibility and sentencing on criminal sentences that include at least one year of incarceration. *State v. Ariegwe*, 2007 MT 204, ¶ 174, 338 Mont. 442, 167 P.3d 815. Whether a restriction or sentence is legal is a question of law, and our review is de novo. *Ariegwe*, ¶¶ 174–75; *see also State v. Ashby*, 2008 MT 83, ¶ 9, 342 Mont. 187, 179 P.3d 1164; *State v. Paulsrud*, 2012 MT 180, ¶ 9, 366 Mont. 62, 285 P.3d 505. If a sentencing condition is legal, we then review the challenged condition for abuse of discretion. *City of Bozeman v. Cantu*, 2013 MT 40, ¶ 11, 369 Mont. 81, 296 P.3d 461; *State v. Blake*, 274 Mont. 349, 908 P.2d 676, 677 (1995).

## DISCUSSION

¶10 *Issue One: Whether the District Court erred by imposing a parole eligibility restriction on Old Bull's sentence for obstructing justice.*

¶11 Generally, we will not review on appeal an issue that a party failed to preserve through objection at trial. *State v. Kotwicki*, 2007 MT 17, ¶ 8, 335 Mont. 344, 151 P.3d 892; *see also Ashby*, ¶ 22 (explicitly refusing to review an unchallenged condition in light of a defendant's failure to object in district court). We will, however, review a criminal sentence alleged to be illegal or in excess of statutory mandates even absent a defendant's

raised objection in district court. *State v. Lenihan*, 184 Mont. 338, 343, 602 P.2d 997, 1000 (1979). A sentencing condition is illegal "if the sentencing court lacked statutory authority to impose it, if the condition falls outside the parameters set by applicable sentencing statutes, or if the court did not adhere to the affirmative mandates of the applicable sentencing statutes." *State v. Heddings*, 2008 MT 402, ¶ 11, 347 Mont. 169, 198 P.3d 242 (citing *State v. Stephenson*, 2008 MT 64, ¶ 15, 342 Mont. 60, 179 P.3d 502) (internal citations omitted). Conversely, a sentence that is merely disparate does not rise to the level of illegality. *State v. Webb*, 2005 MT 5, ¶ 8, 325 Mont. 317, 106 P.3d 521; *see also State ex rel. Greely v. District Court*, 180 Mont. 317, 327, 590 P.2d 1104, 1109–10 (1979) (holding that a defendant has the right to have a sentence reviewed for equality or disparity by the Sentence Review Board and citing §§ 46-18-901–905, MCA); *see also State v. Simtob*, 154 Mont. 286, 288, 462 P.2d 873, 874 (1969) (clarifying that sentence disparity and equality should be reviewed by a sentencing board, whereas this Court reviews a sentence to determine legality). A district court's failure to abide by a statutory requirement may rise to an objectionable sentence, though not necessarily an illegal one. *Kotwicki*, ¶ 13; *see also State v. Bullplume*, 2013 MT 169, ¶ 17, 370 Mont. 453, 305 P.3d 753. Thus, when a district court, "if provided the opportunity to consider the error now asserted on appeal, could nevertheless have imposed the same sentence, the illegality requirement of the *Lenihan* exception has not been met." *Bullplume*, ¶17.

¶12 Old Bull argues that her parole restriction of seven and one-half years for obstructing justice is illegal, and therefore reviewable by this Court under *Lenihan* because: (1) it led to an unreasonably disparate sentence as compared to Hogan's

6

sentence; (2) the District Court failed to orally pronounce the reasons for the parole restriction specifically as to the obstructing justice conviction as required by § 46-18-115(6), MCA; and (3) the District Court exceeded its statutory authority under § 46-18-202(2), MCA, when it restricted parole as to obstructing justice based on conduct punished by Old Bull's criminal endangerment sentence. The State counters that the District Court legally imposed parole restrictions on the obstructing justice sentence, and that Old Bull waived any other challenges as to the reasonableness of the restrictions when she failed to raise specific objections at the time of sentencing.

¶13 Old Bull's first argument fails because a sentence or restriction within the statutory parameters that is merely disparate or different than a co-defendant or other charged defendant does not rise to the level of illegality. *Webb*, ¶ 8. Old Bull and Hogan were separately convicted of obstructing justice in violation of § 45-7-303, MCA; Old Bull was sentenced to serve ten years with a parole restriction for the first seven and one-half years of the sentence. Hogan received a ten-year suspended sentence. Both sentences fell within the statutory maximum sentence of imprisonment of ten years. Section 45-7-303, MCA. Any challenge to the sentence or parole restriction based on disparate treatment is best directed toward the Sentence Review Division. Sections 46-18-901 *et seq.*, MCA; *Simtob*, 154 Mont. at 287–88, 462 P.2d 574-75; *see also State v. Rickman*, 2008 MT 142, ¶¶ 11, 16, 20, 343 Mont. 120, 183 P.3d 49.

¶14 Second, Old Bull asserts that the parole restriction is illegal because the Court failed to orally pronounce its rationale for the restriction. Section 46-18-115(6), MCA, provides:

7

> In felony cases, the court shall specifically state all reasons for the sentence, including restrictions, conditions, or enhancements imposed, in open court on the record and in the written judgment.

This argument also fails because the parole restriction neither exceeds the statutory authority of ten years imprisonment, § 45-7-303, MCA, nor falls outside the affirmative mandates of the sentencing statutes; the restriction is therefore legal, *Heddings*, ¶¶ 11, 20. The District Court orally detailed its rationale for imposing parole restrictions on Old Bull's sentence during the sentencing hearing. The District Court stated that its aim was to provide appropriate punishment for Old Bull's admitted criminal conduct, with an emphasis on the extremely tragic results of such conduct, as well as to protect the community from any such conduct in the future. Finally, the District Court stated the restriction would provide Old Bull with the opportunity to engage in rehabilitative and self-improvement programs while in confinement. Although the District Court did not specifically reference which conduct was attributable to which count, the Court articulated its reasons for the sentence and legally sentenced Old Bull within statutory parameters. *See Bullplume*, ¶ 17.

¶15 Third, Old Bull argues that the District Court's parole restriction as to the obstructing justice conviction was illegal because the restriction was based on conduct more reasonably attributed to her criminal endangerment conviction. We disagree. Old Bull's obstructing justice sentence, including the parole restriction, was within the statutory power of the District Court. *See Heddings*, ¶ 11. District courts may limit parole eligibility under § 46-18-202(2), MCA, which provides:

8

> Whenever the sentencing judge imposes a sentence of imprisonment in a state prison for a term exceeding 1 year, the sentencing judge may also impose the restriction that the offender is ineligible for parole and participation in the supervised release program while serving that term. If the restriction is to be imposed, the sentencing judge shall state the reasons for it in writing. If the sentencing judge finds that the restriction is necessary for the protection of society, the judge shall impose the restriction as part of the sentence and the judgment must contain a statement of the reasons for the restriction.

*State v. Branham*, 2012 MT 1, ¶ 27, 363 Mont. 281, 269 P.3d 891; *see also Paulsrud*, ¶¶ 15-16. As detailed above, the District Court provided its rationale for the parole restrictions both in its oral pronouncement and in its written judgment. The Court legally imposed restrictions on Old Bull's eligibility for parole for obstructing justice and acted within the scope of its statutory authority under §§ 46-18-202(2), 115(6), and 45-7-303, MCA. *See Lenihan*, 184 Mont. at 343, 602 P.2d at 1000.

¶16 District courts have broad discretion to consider various factors and holistically fashion sentences, including parole restrictions. *Paulsrud*, ¶¶ 15-16 (reiterating that a district court retains broad discretion to make parole eligibility decisions, consider all relevant facts and circumstances, including evidence relating to the crime, the "defendant's character, background history, mental and physical condition, and any other evidence the court considers to have probative force"). The District Court's parole restriction on Old Bull's obstructing justice sentence was not illegal. At sentencing, Old Bull objected only generally to the imposition of any parole restriction because of the limitation it would place on the Parole Board's future exercise of discretion. She did not make the objections she now wishes us to consider on appeal. Because Old Bull failed to

preserve her objections to what is otherwise a legal sentence, our review is limited under *Lenihan*. *See Kotowicki*, ¶¶ 8, 13.

¶17 We affirm the District Court's imposition of a seven and one-half year parole restriction on Old Bull's obstructing justice sentence.

¶18 *Issue Two: Whether the District Court erred by requiring Old Bull to register as a violent offender.*

¶19 Violent offender status is "determined purely by statute." *State v. Miller*, 1998 MT 177, ¶ 41, 290 Mont. 97 966 P.2d 721 (1998). A district court lacks statutory authority to require violent offender registration for a conviction not listed among the "'violent offenses'" that require registration. *State v. Rowe*, 2009 MT 225, ¶¶ 32-33, 351 Mont. 334, 217 P.3d 471. Neither of the crimes of which Old Bull was convicted are included among the crimes requiring violent offender registration. *See Rowe*, ¶ 33. Old Bull therefore argues that the violent offender requirement imposed by the District Court's judgment is illegal, and reviewable under *Lenihan*. The State concedes this issue and agrees the condition should be stricken from the judgment. Therefore, we remand for the sole purpose of striking the condition requiring Old Bull to register as a violent offender.

**CONCLUSION**

¶20 We affirm the District Court's imposition of a seven and one-half year parole restriction on Old Bull's obstructing justice sentence. We remand for the sole purpose of striking the condition that Old Bull register as a violent offender.

/S/ JAMES JEREMIAH SHEA

10

We Concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ DIRK M. SANDEFUR
/S/ JIM RICE