FILED

11/14/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0194

DA 16-0194

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 280

STATE OF MONTANA,

      Plaintiff and Appellee,

    v.

GARY HANSEN,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Eighth Judicial District,
                       In and For the County of Cascade, Cause No. DDC 13-133
                       Honorable Dirk M. Sandefur, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Chad Wright, Chief Appellate Defender, Chad R. Vanisko, Assistant
            Appellate Defender; Helena, Montana

      For Appellee:

            Timothy C. Fox, Montana Attorney General, Ryan Ward Aikin, Assistant
            Attorney General; Helena, Montana

            Joshua A. Racki, Cascade County Attorney, Carey Ann Haight, Deputy
            County Attorney; Great Falls, Montana

Submitted on Briefs:  October 25, 2017

Decided:  November 14, 2017

Filed:

                                                      Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Appellant Gary Hansen appeals from the imposition of sentence following his plea of no contest[1] to sexual assault, in the Eighth Judicial District Court, Cascade County. We reverse and remand for further proceedings, addressing the following issue:

*Did the District Court err by accepting Defendant's no contest plea to the charge of sexual assault, and imposing a sentence based upon that plea?*

## FACTUAL AND PROCEDURAL BACKGROUND

¶2 The State originally charged Hansen with four counts of felony incest, in violation of § 45-5-507(5), MCA, based on allegations that Hansen had sexually abused his eight-year-old granddaughter. That offense carried a mandatory prison sentence of 100 years with no parole eligibility for the first 25 years, subject to exceptions. Section 45-5-507(5)(a)(i), MCA (2013). The State also charged Hansen with one count of obstructing a peace officer, a misdemeanor, after Hansen tried to evade officers during the investigation.

¶3 Hansen entered into a plea agreement with the State, wherein he agreed to enter a no contest plea to an amended charge of sexual assault under § 45-5-502(3), MCA (sexual assault of a victim under the age of 16 by an offender at least 3 years older than the victim). This offense carried a minimum sentence of four years, with exceptions, and a maximum of life or 100 years. Section 45-5-502(3), MCA. The State agreed to dismiss the remaining

---

[1] Regarding plea nomenclature, "no contest" and "*nolo contendere*" are interchangeable. *See Black's Law Dictionary* 1209 (Bryan A. Garner ed., 10th ed., West 2014).

charges and to recommend to the District Court that Hansen be sentenced to 50 years in Montana State Prison (MSP) with 25 years suspended. The agreement allowed Hansen to make any sentencing recommendation he believed to be appropriate.

¶4 The District Court conducted a change of plea hearing, finding that a proper basis existed for entry of the no contest plea after explaining in detail to Hansen the difference between a guilty plea and a no contest plea. The District Court found that Hansen was making a knowing, voluntary, and intelligent plea. Before accepting the plea, the District Court informed Hansen that it was not bound by the sentencing recommendations in the plea and advised him of the maximum possible penalty, life or 100 years in prison.

¶5 At sentencing, the State recommended a sentence of 50 years with 25 years suspended, consistent with the plea agreement, and Hansen's counsel requested a 20-year sentence, with 10 years suspended. The District Court sentenced Hansen to 60 years in MSP with no time suspended. Hansen appeals, challenging the validity of his plea and sentence, and raising a claim of ineffective assistance against his trial counsel for negotiating a plea agreement premised upon an illegal plea.

## STANDARD OF REVIEW

¶6 We review whether a District Court had statutory authority to impose a sentence *de novo*. *State v. Ring*, 2014 MT 49, ¶ 15, 374 Mont. 109, 321 P.3d 800 (citations omitted).

3

**DISCUSSION**

¶7     *Did the District Court err by accepting Defendant's no contest plea to the charge of sexual assault, and imposing a sentence based upon that plea?*

¶8     Imposing a unique restriction upon the entry of a criminal plea, the Legislature has provided that a "court may not accept a plea of nolo contendere in a case involving a sexual offense," with exceptions not at issue here. Section 46-12-204(4), MCA. "Sexual offense" is defined to include sexual assault under § 45-5-502(3), MCA. Section 46-23-502(9)(a), MCA. Consequently, there is an express statutory prohibition upon entry of a no contest plea to a charge of sexual assault. Further, we have held that a plea agreement provision that violates a statute can render the agreement "void and unenforceable." *State v. Cleveland*, 2014 MT 305, ¶ 22, 377 Mont. 97, 338 P.3d 606 (citing § 28-2-701, MCA; § 28-2-604, MCA).

¶9     We discussed a similar plea in *Hardin v. State*, 2006 MT 272, 334 Mont. 204, 146 P.3d 746, involving a defendant's no contest plea to the charge of sexual intercourse without consent. In a postconviction proceeding, Hardin claimed the district court lacked jurisdiction to accept his plea and impose sentence, due to the statutory prohibition upon no contest pleas in sex offense cases. *Hardin*, ¶ 14. Framing this as a jurisdictional issue, Hardin argued that it could be raised at any time, including within a postconviction proceeding. *Hardin*, ¶ 14. We rejected Hardin's argument, holding that his claim was "more accurately characterized as a claim that his sentence was illegal as exceeding statutory authority," and because "Hardin did not challenge the legality of his sentence on direct appeal," the claim was procedurally barred. *Hardin*, ¶¶ 15-16 (citations omitted).

4

While Hardin did not raise the issue on direct appeal from his criminal conviction, Hansen does so.

¶10    "A district court's authority to impose a sentence is defined and constrained by statute." *State v. Ruiz*, 2005 MT 117, ¶ 12, 327 Mont. 109, 112 P.3d 1001 (citations omitted). "A sentence not based on statutory authority is an illegal sentence." *Ruiz*, ¶ 12 (citations omitted). Here, entry of the no contest plea to sexual assault was an explicit violation of § 46-12-204(4), MCA. We conclude that Hansen's sentence, imposed upon his no contest plea, is illegal for exceeding a district court's statutory authority. *See Hardin*, ¶ 15.

¶11    The State acknowledges that the District Court erred in accepting Hansen's no contest plea, but argues we should affirm the conviction and sentence because Hansen did not object to the sentence before the District Court, thereby failing to preserve the issue. Hansen responds that we should undertake *Lenihan* review[2] or, alternatively, conclude that his trial counsel rendered ineffective assistance for permitting him to enter an invalid plea.

¶12    The *Lenihan* rule provides a sentence not objected to in the district court that is "illegal or exceeds statutory mandates," *Lenihan*, 184 Mont. at 343, 602 P.2d at 1000, and not merely an "objectionable" statutory violation, *State v. Kotwicki*, 2007 MT 17, ¶ 13, 335 Mont. 344, 151 P.3d 892 (citations omitted), may be reviewed on appeal. We have explained that, where a district court, "if provided the opportunity to consider the error now asserted on appeal, could nevertheless have imposed the same sentence, the illegality

---

[2] *State v. Lenihan*, 184 Mont. 338, 602 P.2d 997 (1979).

5

requirement of the *Lenihan* exception has not been met." *State v. Bull*, 2017 MT 247, ¶ 11, 389 Mont. 56, ___ P.3d ___ (citations omitted). Here, if provided the opportunity to consider the error of Hansen's invalid no contest plea, it is clear that the District Court could not have imposed a valid sentence upon Hansen.

¶13 Therefore, we void the plea agreement and vacate the sentence imposed herein. We remand the matter to the District Court to allow Hansen to enter a legal plea to the original charges, enter a new plea agreement, or to proceed to trial.

¶14 Reversed and remanded for further proceedings.


/S/ JIM RICE


We concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA