

FILED

12/05/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 23-0662

## IN THE SUPREME COURT OF THE STATE OF MONTANA

### OP 23-0662

---

GARY HANSEN,

      Petitioner,

v.

JIM SALMONSEN, WARDEN,

      Respondent.

**O R D E R**

FILED

DEC - 5 2023

Bowen Greenwood
Clerk of Supreme Court
State of Montana

---

Gary Hansen petitions for habeas corpus relief, contending his sentence has been incorrectly calculated by the Department of Corrections (DOC), illegally extending his parole eligibility or discharge date. He also states that he is entitled to "good time" credit. Hansen requests that he be provided with a "full accounting" of the time he served "before[,] during and after [his] imprisonment." Hansen provides no supporting documentation or copy of a sentence calculation.

In November 2017, this Court reversed and remanded Hansen's criminal proceeding because the Cascade County District Court erred by accepting Hansen's plea of nolo contendere to sexual assault, in contradiction of § 46-12-204(4), MCA. *State v. Hansen*, 2017 MT 280, ¶¶ 1, 8, 13-14, 389 Mont. 299, 405 P.3d 625. After further proceedings, the District Court entered a Sentencing Order and Judgment, on August 28, 2019, stating a jury had found Hansen guilty of incest, and imposing a 100-year sentence with fifty years suspended. The court also imposed a ten-year parole ineligibility restriction. Of relevance, the court awarded 2,129 days of credit for time served.

Our review of the limited available information leads us to conclude that Hansen has received a full accounting of time served, and he provides no evidence to the contrary. We observe he was awarded credit for time served of 805 days in the original judgment, issued on January 14, 2016, the date of his first sentence. Counting backwards from January 14, 2016, the date of arrest would have been on October 31, 2013, to arrive at 805

days. That leaves 1,324 days to account. From January 15, 2016, until August 28, 2019, the date of his current sentencing judgment, is 1,321 days, or three less than Hansen was granted. Hansen may have received three extra days, or this Court's calculation is not exact, based on the limited information. Regardless, Hansen was credited a total of 2,129 days toward his current sentence, and the DOC has calculated his sentence based on that number of days, reflecting the appropriate parole eligibility and discharge dates. Hansen may request a copy of the sentence calculation from the DOC through an Offender/Staff Request form.

Hansen is not entitled to any additional credit for time served or good time. Good time credit applies to sentences imposed before 1995 when the Montana Legislature repealed the statute. Section 53-30-105, MCA (1995) (1995 Mont. Laws, ch. 372, §§ 12(2), 13, repeal eff. Oct. 1, 1997). Hansen's commission of the various sexual offenses dated back to 2013, which is well after 1995. Hansen is not entitled to habeas corpus relief. Therefore,

IT IS ORDERED that Hansen's Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

The Clerk is directed to provide a copy of this Order to counsel of record and to Gary Hansen personally.

DATED this 5 day of December, 2023.

_____
Chief Justice

_____

_____

_____

2

_____
Justices