FILED

11/12/2025

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 23-0328

DA 23-0328

IN THE SUPREME COURT OF THE STATE OF MONTANA

2025 MT 258

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

DAVID ALLEN PEIN,

      Defendant and Appellant.

APPEAL FROM:   District Court of the Tenth Judicial District,
In and For the County of Fergus, Cause No. DC-2016-66
Honorable Heather Perry, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Rufus I. Peace, Peace Law Group, LLC, Jacksonville, Florida

      For Appellee:

      Austin Knudsen, Montana Attorney General, Roy Brown, Assistant
Attorney General, Helena, Montana

      Kent Sipe, Fergus County Attorney, Diane Cochran, Jean Adams,
Deputy County Attorneys, Lewistown, Montana

Submitted on Briefs:  September 3, 2025

Decided:  November 12, 2025

Filed:

_____
Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1      David Allen Pein ("Pein") entered into a plea agreement and pleaded guilty to one count of felony Criminal Possession of Dangerous Drugs with Intent to Distribute, in violation of § 45-9-103, MCA (2015)[1] (hereinafter, "Count VI"), on July 6, 2017. Pursuant to the plea agreement, six other charges were dismissed with prejudice. Two remaining charges, felony Criminal Distribution of Dangerous Drugs under § 45-9-101, MCA, and felony Use or Possession of Property Subject to Criminal Forfeiture under § 45-9-206, MCA, (hereinafter, "Count IV" and "Count VIII," respectively) were subject to a deferred prosecution agreement incorporated by reference into his plea agreement. His deferred sentence for Count VI was revoked on April 18, 2023. The State then reinstated prosecution on Count IV and Count VIII. Following a jury trial, Pein was convicted of both counts in February 2024. Pein now appeals.

¶2      We restate the dispositive issues on appeal as follows:

> 1. Whether a deferred prosecution agreement[2] entered pursuant to Montana's pretrial diversion statute, § 46-16-130, MCA, may be incorporated into a plea agreement entered pursuant to § 46-12-211, MCA, Montana's plea agreement statute.
>
> 2. Whether marijuana is a Schedule I drug.

---

[1] Unless otherwise noted, references to the Mont. Code Ann. in this Opinion refer to the 2015 Code effective at the time. *Med. Marijuana Growers Ass'n, Inc., v. Corrigan*, 2012 MT 146, ¶ 20, 365 Mont. 346, 281 P.3d 210 (We apply "the law in effect at the time the crime was committed.").

[2] Unless otherwise noted, all references to the parties' "deferred prosecution agreement" are to the agreement captioned "Pre-Trial Diversion Agreement," District Court Docket No. 36.

¶3    We conclude resolution of the first issue is dispositive, and we therefore do not reach the other issues raised by Pein concerning the District Court's subject matter jurisdiction, double jeopardy, and the constitutionality of Montana's forfeiture statute. However, we will address Pein's remaining argument challenging marijuana as a schedule I substance because it relates to his conviction on Count VI, which is not disposed of by our resolution of Issue 1.

## FACTUAL AND PROCEDURAL BACKGROUND

¶4    The Lewistown Police Department suspected Pein was distributing marijuana and began investigating him in early 2016. Law enforcement enlisted a confidential informant ("CI") to conduct three undercover purchases of marijuana from Pein at his residence. The CI purchased a total of 1.35 ounces of marijuana from Pein. Law enforcement provided the cash for the controlled transactions and recorded the serial numbers on the bills. On September 29, 2016, police executed a search warrant on Pein's residence. The search resulted in the seizure of telephones, paraphernalia, marijuana seeds, scales, weapons, $3,500 in cash, and 15.48 ounces of marijuana. Of the $3,500 seized, the serial numbers of nine bills corresponded to the serial numbers of the currency provided to the CI for the controlled buys.

¶5    The State charged Pein by Information with nine counts related to possession and distribution of marijuana. Pursuant to the provisions of § 46-16-130, MCA, Pein and the State entered into a deferred prosecution agreement on June 30, 2017, for Counts IV and VIII. The State agreed to defer prosecution for ten years, contingent upon certain conditions. If the conditions were satisfied, the State would dismiss the charges "with

3

prejudice." Pein and the State entered into a plea agreement pursuant to § 46-12-211(1)(c), MCA, for Count VI, which incorporated the deferred prosecution agreement "by reference." Pein pled guilty to Count VI on July 6, 2017. On February 20, 2018, the court deferred the imposition of his sentence on Count VI for five years.

¶6 On May 31, 2018, Pein appealed his conviction on Count VI to this Court, raising an as-applied challenge to § 50-46-307(4), MCA, of the now repealed Montana Medical Marijuana Act. This Court affirmed. *State v. Pein*, DA 18-0304, 2019 MT 167N, ¶ 18, 2019 Mont. LEXIS 269 ("*Pein I*").

¶7 On June 10, 2020, the State petitioned to revoke Pein's deferred imposition of sentence for Count VI after he had been charged with criminal possession of dangerous drugs. Pein admitted to using methamphetamine and marijuana, and a search of his residence revealed marijuana and paraphernalia. Simultaneously, the State moved to schedule trial on Count IV and Count VIII because Pein had violated the terms of the deferred prosecution agreement. On January 19, 2021, the State filed a second petition for revocation of the deferred sentence after Pein accrued additional felony and misdemeanor charges as well as providing a urine sample positive for THC.

¶8 On April 20, 2022, Pein unsuccessfully petitioned the District Court to expunge his conviction for Count VI under the Montana Marijuana Regulation and Taxation Act ("MMRTA") provided for by Title 16, chapter 12, MCA (2021), on the basis the amount of marijuana for which he was convicted of possessing was within the legal limits. *Pein v. State*, No. DA 22-0314, 2023 MT 38N, ¶ 2, 2023 Mont. LEXIS 264 ("*Pein II*"). This Court affirmed the denial of his expungement petition because "Pein pled guilty to possession

4

with intent to distribute more than fifteen ounces of marijuana[,]" a substantially greater amount than the possession limit provided for by MMRTA. *Pein II*, ¶ 5. Upon the conclusion of that appeal, the District Court held an adjudicatory hearing on the State's petitions to revoke and determined the allegations were true. On April 2023, Pein was resentenced on Count VI to the Department of Corrections for four years, none suspended, with credit for 317 days of time served and street time. On June 13, 2023, Pein initiated the present appeal on the revocation of Count VI.

¶9 Meanwhile, his trial on Count IV and Count VIII continued concurrently. On January 20, 2023, Pein moved to dismiss Count IV and Count VIII on the basis that deferred prosecution agreements cannot be incorporated into plea agreements. The court denied this motion on February 7, 2023.

¶10 The trial on Count IV and Count VIII occurred in February 2024. The jury found Pein guilty on both counts. On April 30, 2024, the District Court sentenced Pein to the Montana State Prison for 7 years on both counts, to run concurrently to each other and Pein's sentence on Count VI. The court credited Pein with 789 days for time served. Over Pein's objection, the court ordered the forfeiture of Pein's home but stayed the execution of that condition pending appeal. Pein amended his appeal of Count VI prior to briefing to include the final judgment on Count IV and Count VIII. However, Pein has not raised any issues pertaining to Count VI except his challenge to marijuana being a Schedule I drug.

## STANDARD OF REVIEW

¶11 A district court's interpretation and construction of a statute is a question of law we review de novo for correctness. *State v. Denny*, 2025 MT 62, ¶ 11, 421 Mont. 218, 566

P.3d 503 (citation omitted). "This Court reviews a criminal sentence only for legality (i.e., whether the sentence is within the parameters provided by statute)." *State v. Cleveland*, 2014 MT 305, ¶ 10, 377 Mont. 97, 338 P.3d 606.

## DISCUSSION

¶12 *1. Whether a deferred prosecution agreement entered pursuant to Montana's pretrial diversion statute, § 46-16-130, MCA, can be incorporated into a plea agreement entered pursuant to § 46-12-211, MCA, Montana's plea agreement statute.*

¶13 Plea agreements in Montana are subject to specific statutory constraints. Section 46-12-211(1), MCA, provides:

(1) The prosecutor and the [. . .] defendant [. . .] may engage in discussions with a view toward reaching an agreement that, upon the entering a plea of guilty or nolo contendere to a charged offense or to a lesser or related offense, the prosecutor will do any of the following:
(a) Move for dismissal of other charges;
(b) Agree that a specific sentence is the appropriate disposition of the case; or
(c) Make a recommendation, or agree not to oppose the defendant's request, for a particular sentence, with the understanding that the recommendation or request may not be binding upon the court.

When a plea agreement has been reached, "the court shall, on the record, require a disclosure of the agreement in open court." Section 46-12-211(2), MCA. "If the agreement is of the type specified in subsection (1)(a) or (1)(b), the court may accept or reject the agreement or may defer its decision . . . until there has been an opportunity to consider the presentence report[.]" Section 46-12-211(2), MCA. If the court rejects a (1)(a) or (1)(b) plea agreement, the court must give the defendant an opportunity to withdraw the plea and advise the defendant that if the defendant persists in the guilty or nolo contendere plea, the

6

disposition may be less favorable than that contemplated by the plea agreement. Section 46-12-211(4), MCA. However, if the agreement is of the type specified in (1)(c), the court must advise the defendant that, if the court does not accept the recommendation or request, the defendant nonetheless has no right to withdraw the plea. Section 46-12-211(2), MCA. Thus, § 46-12-211(1), MCA, sets out three—and only three—forms of plea negotiations a prosecutor may undertake: dismiss other charges, agree to a specific sentence, or make a sentencing recommendation. When the Legislature enumerates certain options in a statute, courts presume it intended to exclude all others not listed. Had the Legislature wished to authorize deferred-prosecution terms as part of a plea agreement, it would have done so expressly.

¶14    The exclusive language of § 46-12-211(1), MCA, limits the agreement that may be reached by the prosecutor and defense—"the prosecutor will do any of the following:" (1) move for dismissal of other charges; (2) agree that a specific sentence is appropriate; or (3) agree to make a recommendation, or not to oppose a defendant's request, with the understanding it is nonbinding on the court. In every sense, the statute contemplates resolution of a specific charge and that a sentence be imposed or dismissed for the charges addressed. It involves the court in the procedure, with the court being the final decision-maker on acceptance or rejection of the plea agreement. A deferred prosecution agreement is not one of the available options for the parties who are pursuing a plea agreement pursuant to the provisions of § 46-12-211(1), MCA. This Court, trial courts, and litigants must adhere to the plain language of the statute and are not free to be creative by inserting what has been omitted. Section 1-2-101, MCA. Further, a deferred

7

prosecution is not a "specific sentence" under subsection (1)(b) because it is not a "sentence." Section 46-1-202(25), MCA.

¶15 Conversely, § 46-16-130, MCA, titled "Pretrial Diversion," operates outside of the court's periphery. It contemplates an agreement between the prosecutor and the defendant, with no involvement from the court prior to the filing of the charge. Section 46-16-130(1)(a), MCA. If prosecution has been commenced by the filing of a charge, "a deferral of prosecution may be entered into only after the prosecutor provides *notice* to the court." Section 46-16-130(3), MCA (emphasis added). There is no requirement that the court approve, reject, or accept the deferred prosecution agreement. Moreover, a deferred prosecution agreement does not fall under the meaning of "sentence" defined as "the judicial disposition of a criminal proceeding upon a plea of guilty or nolo contendere or upon a verdict or finding of guilty." Section 46-1-202(25), MCA.

¶16 A motion to dismiss under § 46-12-211(1)(a), MCA, terminates the prosecution at once upon judicial approval. A deferred-prosecution agreement, by contrast, postpones prosecution subject to future compliance and expressly anticipates possible reinstatement. The Legislature's use of different verbs—"move for dismissal" versus "defer prosecution"—demonstrates two distinct mechanisms, one final and judicial, the other temporary and executive. The Legislature enacted § 46-12-211, MCA, in 1979 as part of a comprehensive revision of the criminal-procedure code, and it later adopted § 46-16-130, MCA, in 1985 without amending the earlier statute to allow deferred prosecution within plea negotiations. When the Legislature enacts a new statute but leaves a related, earlier one unchanged, we presume it intended the two to operate independently. *Musselshell*

8

*Ranch Co. v. Seidel-Joukova*, 2011 MT 217, ¶ 14, 361 Mont. 1, 261 P.3d 570. "'We presume that the Legislature is aware of the existing law, including our decisions interpreting individual statutes[.] We presume that if the Legislature disagreed with our interpretation . . . it would have amended the statute accordingly.'" *Musselshell*, ¶ 14 (quoting *Swanson v. Hartford Ins. Co.*, 2002 MT 88, ¶ 22, 309 Mont. 269, 46 P.3d 584). Thus, §§ 46-16-130 and 46-12-211, MCA, create standalone procedures for deferring prosecution or resolving a case charge by plea, respectively. Section 46-12-211, MCA, only contemplates final dispositions of criminal charges; a deferred prosecution agreement is not a final resolution of a charge and, indeed, is a "pause" in the prosecutor's case inconsistent with the plea agreement statute.[3]

¶17 "As plea agreements are subject to contract law standards, '[t]he object of the contract must be lawful when the contract is made[.]'" *State v. Arellano*, 2024 MT 108, ¶ 12, 416 Mont. 406, 549 P.3d 428 (quoting § 28-2-602, MCA). "If a contract has several distinct objects, and at least one object is lawful and one is unlawful, then 'the contract is void as to the latter and valid as to the rest.'" *Cleveland*, ¶ 18 (quoting § 28-2-604, MCA). Given these contract principles relate to plea agreements, we have held that contract obligations cannot include the enforcement of an illegal, and therefore unenforceable, provision. *Arellano*, ¶ 12; *Cleveland*, ¶ 23. Because a plea agreement functions as a

---

[3] The Dissent maintains that pretrial diversion agreements are a "conditional dismissal" and thus fall under the "move for dismissal of other charges" language of § 46-12-211(1)(a), MCA. However, a "conditional dismissal" is inapposite with a "deferred prosecution agreement" where the prosecution has been "deferred." Nonetheless, a deferred prosecution could be handled pursuant to § 46-12-211, MCA, if the state dismissed the charges without prejudice and then entered into a deferred prosecution agreement independent of the plea agreement.

contract executed under judicial authority, it must serve a lawful and statutorily authorized object. *Arellano*, ¶ 12. Combining a deferred-prosecution promise—wholly executive in nature—with a judicially imposed sentence attempts to merge two incompatible contractual objects.

¶18 Here, the plea agreement between Pein and the prosecutor for Count VI validly resolved that count through a guilty plea and corresponding sentence. However, because § 46-12-211, MCA, did not authorize the prosecutor and defendant to incorporate a deferred-prosecution provision for Counts IV and VIII into the plea agreement, we excise the unlawful portion of the agreement and vacate Pein's resulting convictions for Counts IV and VIII because they arose from that invalid incorporation. Our decision does not preclude the State from pursuing Counts IV and VIII through proper, independent proceedings consistent with § 46-16-130, MCA, or by refiling the charges under the ordinary rules of criminal procedure.

¶19 Thus, Pein's plea agreement validly resolved Count VI with a guilty plea and corresponding sentence, but could not include in its resolution the deferred prosecution agreement related to Count IV and Count VIII. This Opinion does not seek to resolve the continued validity of the deferred prosecution agreement as a stand-alone agreement entered into by the parties pursuant to § 46-16-130(3), MCA.

¶20 *2. Whether marijuana is a Schedule I drug.*

10

¶21 Finally, Pein challenges his conviction on Count VI, arguing that marijuana is incorrectly classified as a Schedule I drug.[4] He relies on a perceived conflict between § 50-32-222(4)(x), MCA (2023), which lists marijuana as a Schedule I drug, and statutes regulating the recreational and medical use of marijuana provided for in the MMRTA under Title 16, chapter 12, MCA. Pein correctly notes the statutory criteria for a Schedule I drug includes a substance which carries a "high potential for abuse" and "has no accepted medical use[.]" Section 50-32-221, MCA (2023). Thus, he argues marijuana cannot qualify as Schedule I when the MMRTA recognizes some medical benefits or otherwise provides for the legalization of marijuana. However, to the extent the MMRTA exempted certain practices related to marijuana from criminal prosecution, other aspects of the cultivation, possession, and distribution remain subject to licensing requirements or other regulations. *See* § 16-12-101(2)(c), MCA (2023). Section 45-9-103, MCA (2023), still criminalizes distribution of marijuana outside of those regulated channels. This Court has already determined that, due to the amount of marijuana at issue in Count VI, Pein does not qualify for expungement under the MMRTA. *Pein II*, ¶ 5. We further decline to reschedule marijuana by judicial fiat. Pein's conviction on Count VI is affirmed.

## CONCLUSION

¶22 A deferred prosecution agreement entered pursuant to § 46-16-130, MCA, is not one of the available plea agreement options identified in § 46-12-211, MCA. The purposes and underlying nature of the proceeding are likewise inconsistent and do not contemplate

---

[4] Having vacated Pein's convictions for Count IV and Count VIII, we only address Pein's argument as it relates to Count VI.

11

the same involvement from the court. Accordingly, Pein's convictions for Count IV and Count VIII are vacated and remanded for proceedings consistent with this opinion, which may include consideration of Pein's arguments regarding the statute of limitations and his right to a speedy trial, which are not properly before this Court. Moreover, we do not presume the State's position on remand with respect to prosecuting this matter or other issues which may arise and are not properly before this Court. Our decision here is narrow in scope; we conclude only that that portion of Pein's plea agreement entered pursuant to § 46-12-211, MCA, and which incorporated the deferred prosecution agreement, is invalid. We leave it to the parties and the District Court to sort out and resolve the issues that have been created by the procedural quagmire of this case. We reject Pein's argument that marijuana is incorrectly designated as a Schedule I substance and affirm his conviction on Count VI.

¶23 Affirmed in part, vacated and remanded in part.

/S/ LAURIE McKINNON

We Concur:

/S/ KATHERINE M. BIDEGARAY
/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ INGRID GUSTAFSON
/S/ JIM RICE

Chief Justice Cory J. Swanson, concurring and dissenting.

¶24 I fully concur with the Court on Issue Two, but I dissent from the Court's conclusion on Issue One. The Court errs in holding pretrial diversion agreements cannot be combined

12

with plea agreements to discharge separate charges in a single Information. Pein was charged with nine different counts related to his possession and distribution of marijuana. After reaching an agreement with the State, Pein entered into a plea agreement for one count, the State dismissed six counts with prejudice, and two counts were resolved through a pretrial diversion agreement. For the guilty plea, the court deferred the imposition of the sentence for five years. This resolution is permissible by the statute.

¶25 Section 46-16-130, MCA, formalizes the procedure for a prosecutor and a defendant to enter into a pretrial diversion agreement. A pretrial diversion agreement may require the defendant to agree to certain "reasonable conditions." Section 46-16-130(1)(a), MCA. If the charge has been filed, the prosecutor must provide notice of the agreement to the court. Section 46-16-130(3), MCA. Most importantly, the statute requires: "[t]he prosecution must be deferred for the period specified in the agreement unless there has been a violation of its terms," and "the agreement must be terminated and the prosecution automatically dismissed with prejudice upon expiration and compliance with the terms of the agreement." Section 46-16-130(1)(c), (d), MCA. As the statute does not mandate how the pretrial diversion agreements must be executed, the county attorney may seek to dismiss the charge without prejudice, or the county attorney may leave the charges pending but delay any prosecution. In this case, the County Attorney chose the latter method and did not dismiss the two charges subject to the diversion agreement.[1] However, since a

---

[1] As standard in pretrial diversion agreements, Pein waived any speedy trial challenge to his charges.

13

dismissal with prejudice is mandatory after the agreed upon time period elapses, it is not merely a "pause," as the Court suggests. Opinion, ¶ 16. It is a conditional dismissal of the case. In Pein's case, the only reason the dismissal did not occur is because Pein violated its conditions.

¶26 A plea agreement may require the prosecutor to: "(a) move for dismissal of other charges; (b) agree that a specific sentence is the appropriate disposition of the case; or (c) make a recommendation, or agree not to oppose the defendant's request, for a particular sentence . . . ." Section 46-12-211(1), MCA. Because pretrial diversion agreements mandate the charge be dismissed at the end of the specified period, these conditional dismissals fall under the "move for dismissal of other charges" subsection.

¶27 Additionally, the State can require performance of the plea agreement as a condition of the pretrial diversion agreement. The pretrial diversion agreement statute allows the State to condition the diversion agreement on "any other reasonable conditions." Section 46-16-130(1)(a)(v), MCA. It would be reasonable to condition the pretrial diversion upon successful discharge of the terms of a plea agreement, and it would facilitate global—and mutually agreeable—resolutions of complex cases.[2]

---

[2] There are many reasons a deferred prosecution agreement could be preferred by a defendant over, or in combination with, a plea agreement.

> The option to have one's case dismissed without making an admission or finding of guilt is an attractive reason. For those who are subject to non-sentencing consequences--such as loss of employment, driving privileges, housing opportunity, or governmental benefits--as a result of their admission to or entry of a guilty finding, the benefits of entering a diversion program are more favorable than the risks of rejecting the diversion offer. Furthermore, some individuals may be ready to enter diversion for their and their family's benefit and would welcome the chance to address certain life challenges with program support.

Christina E. Miller, *Incentivizing Diversion*, 55 N.M. L. Rev. 137, 137–38 (2025). Montana's

14

¶28 Notably absent from both statutes is the requirement that every charge in a case be disposed of in the same fashion. Both statutes limit the agreements to a single charge, and not to the entire charging document. *See* § 46-16-130(3), MCA ("after a charge has been filed . . . ."); § 46-12-211(1), MCA ("a plea of guilty or nolo contendere to a charged offense or to a lesser or related offense . . . ."). The statutes do not prohibit the comingling of different resolutions for separate charges. The parties may agree to a guilty plea on one count but proceed to trial on other counts. "If the prosecutor is either unable or unwilling to dismiss all charges against the defendant, and a reduction to a lesser offense is equally impossible, defense counsel may sometimes bargain successfully for dismissal of a portion of the charge against his client." 25 Am. Jur. Trials 69, § 39 (1978). Similarly, the parties may agree to a plea on one count, but enter a pretrial diversion on the second count, and dismiss the other counts. The parties have multiple tools at their disposal and may seek to combine them together to reach a fair agreement.

¶29 The record plainly indicates Pein took advantage of the offer for pretrial diversion made by the County Attorney as part of his plea bargain. He had the advantage of what would have been the final disposition of the charges against him had he not fallen again into the hands of the law for a subsequent Criminal Possession of Dangerous Drugs and Assault on a Peace Officer. Where the legislature has provided this tool and a defendant agreed to its use, we should not find error. The Court has rendered an overly restrictive

---

drug courts also create a unique opportunity for drug offenders to divert their charges and seek treatment.

interpretation of the plain language of the statute. Nowhere does the statute prohibit a linked resolution of criminal cases.

¶30 I sympathize with the Opinion's grappling with a convoluted case history analyzed through the rubric of two statutes which provide a spare framework for the resolution of complex cases. But the spare framework gives the parties room to bargain. The Opinion's suggestion that the parties could have achieved the same desired outcome if the prosecutor had dismissed Counts IV and VIII without prejudice and then addressed those charges through a deferred prosecution agreement, Opinion, ¶ 17 n.3, proves my point. The Court not only elevates form over function, but it admits the reality that the plea agreement and the deferred prosecution agreement must *somehow* be linked. As part of plea negotiations, two charges could have been dismissed without prejudice and then subject to conditions of deferral via the deferred prosecution agreement, while the remaining charges could then have been dismissed with prejudice through a plea agreement. If Pein violated the deferred prosecution agreement, the State could refile its Information. So, the Court endorses the implicit linkage of two contract documents through an understanding but declares illegal their explicit linkage through plain language spelling out the terms of the agreement. This formulation risks requiring the parties to rely on external evidence of agreement, thereby violating the parol evidence rule. *See Hanson v. Town of Fort Peck*, 2023 MT 208, ¶ 32 n.18, 414 Mont. 1, 538 P.3d 404. This is unnecessary, since the pretrial diversion statute requires the parties to give notice to the court of the deferred prosecution agreement. So, we will land at the same place at the end of the day: two agreements collectively resolving the entire case. This Opinion merely mandates the two documents cannot state in plain

terms what all agree has happened: they were linked together in a global resolution, dependent upon each other as part of the bargaining process.

¶31    The Opinion therefore errs in rendering an overly restrictive interpretation of the statute, it invites less clarity in plea negotiation and contracting, and it does so without offering any illumination to resolve the case.  The Opinion ends by wishing the District Court and parties good luck with figuring this out this "procedural quagmire."  Opinion, ¶ 22.  We won't give you a clear rule, we'll just let you know if you get it wrong again. And at the same time, the Court likely invites a greater quagmire in a future case, where the details of the agreement are less clear due to this Opinion.

¶32    I respectfully dissent.

/S/ CORY J. SWANSON